UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Jeffrey Mann, et al.,** | : | **Case No. 2:18-cv-1565** |
| Plaintiffs, | : | **Judge Smith** |
| v. | : | **Magistrate Judge Deavers** |
| **Ohio Department of Rehabilitation and Correction, et al.,** | : | |
| Defendants. | : | |

**:**

**DEFENDANTS' OBJECTIONS TO THE JUNE 26, 2019
REPORT AND RECOMMENDATION (DOC #: 45)**

On June 26, 2019, the Magistrate Judge issued a Report and Recommendation ("R & R) denying Defendants Andrew Eddy, Health Care Administrator at Grafton Correctional Institution (GCIHCA"), and Janice Douglas' ("Defendants") Motion to Dismiss the medical deliberate indifference claims filed by Plaintiffs Mann, Bragg, and Pastrano ("Plaintiffs). In so doing, the Magistrate Judge relied on *Love v. Franklin Cnty. Kentucky,* No. 3:18-cv-00023, 2019 WL 1387692, at *6 (E.D. Ky. March 27, 2019), to conclude that Plaintiffs' Complaint "establishes that Defendants Eddy and GCIHCA at least implicitly authorized, approved or knowingly acquiesced in providing medical care, or the lack thereof, to Plaintiffs." Doc #: 45, PageID 640. Based on the decision in *Love*, the Magistrate Judge recommended that under the limited circumstances of this particular case, Defendants' Motion to Dismiss be denied on *respondeat superior* grounds. *Id.*

But the *Love* case is inapposite since in that case a very pregnant woman was in the throes of labor and about to give birth when the defendant failed to intervene to provide medical care, while with Hep-C there is no such certainty, much less urgency, that there is any risk of serious medical harm and Plaintiffs have been and continue to be provided with medical care. Indeed, as the Magistrate Judge recognized, Plaintiff Bragg's Hep-C is being monitored, with lab work done as ordered by his treating physician. Doc #: 45, PageID 640.  Likewise, Plaintiff Mann has no signs of advancing disease and is being monitored, Doc #: 45, PageID 653, and Plaintiff Pastrano is being monitored for Hep-C and remains under chronic care.  Doc #: 45, PageID 654.

By contrast with the laboring plaintiff in *Love* who gave birth alone, unassisted, and without any medical care whatsoever while in the custody of the jail, here no Plaintiff is being ignored.  Thus, despite the Magistrate Judge's recommendation, since *respondeat superior* does not apply to § 1983 claims, it cannot serve as a basis for Defendants Eddy and/or GCIHCA's liability in this case.  *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992) (section 1983 liability of supervisory personnel must be based on more than a right to control employees); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (the mere fact the defendant was the warden at the time the facts alleged in the complaint took place is not enough to impose liability under § 1983).  Accordingly, the Magistrate Judge's recommendation to deny Defendants Eddy and GCIHCA's Motion to Dismiss on the grounds of *respondeat superior* should be overruled.

With regards to the medical deliberate indifference claim asserted against Defendant Dr. Janice Douglas, the Magistrate Judge's recommendation seemingly buys into Plaintiffs'

allegation that they are being monitored and not treated. Doc #: 45, PageID 653.  But Plaintiff Mann, previously treated with Interferon and Ribovirin, presently has an APRI of .36.  Doc #: 6, PageID 244.  Plaintiff Bragg, likewise previously treated with Interferon and Ribovirin, currently has an APRI of 0 .5.  Doc #: 6, PageID 423.  If an inmate must have an APRI of at least 1.5 before being offered treatment with anti-viral medication, and Plaintiffs Mann and Bragg were provided Interferon and Ribovirin, a fortiori their APRIs must have previously exceeded 1.5. Yet their APRI scores are now .36 and 0.5 respectively. Unlike the plaintiff in *Love* who was simply ignored, Plaintiffs' low APRI scores make evident that their viral loads have been drastically reduced as a result of the treatment ODRC provided and continues to provide in accordance with their symptoms.  It is just not the treatment they prefer. Nonetheless, Plaintiffs' desire for more aggressive Hep-C treatment does not transfer it into a constitutional question.

Certainly, monitoring can constitute treatment. *See, e.g., Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (no deliberate indifference claim where the plaintiff "would have desired more aggressive treatment" but "was at no point denied treatment").  Thus, in *Watson v. Mohr*, Civil Action 2:17-cv-457, 2017 U.S. LEXIS 205479 (S.D. Ohio 2017), the district court declined to second guess the judgment of the prison's medical providers, finding that the defendants had not ignored plaintiff's Hep-C or rendered "medical treatment . . . so woefully inadequate as to amount to no treatment at all."  *Id.* (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).  To the contrary, when "a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted." *Rhinehart v. Scutt,* 894 F.3d 721, 743 (6th Cir. 2018) (quoting *Self v. Crum*, 439 F.3d 1227, 1232-33 (10th Cir. 2006).

3

Here, Plaintiffs are being treated in accordance with their symptoms and are continually monitored to determine if and when those symptoms may change. Accordingly, the Magistrate Judge's recommendation that Defendants' Motion to Dismiss should be denied because Plaintiffs are being monitored rather than treated, Doc #: 45, PageID 653, should be overruled.

                                      Respectfully submitted,

                                      DAVE YOST
                                      Ohio Attorney General

                                      s/ Mindy Worly
                                      MINDY WORLY (0037395)
                                        *Trial Attorney for Defendants*
                                      Principal Assistant Attorney General
                                      Criminal Justice Section, Corrections Unit
                                      150 East Gay Street, 16th Floor
                                      Columbus, Ohio 43215
                                      Phone: (614) 728-0161; Fax: (866) 474-4985
                                      Mindy.Worly@OhioAttorneyGeneral.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically filed through the Court's ECF system on July 7, 2019. I further certify a copy has been served upon pro se Plaintiffs via U.S. mail, postage prepaid at the addresses below.

Jeffrey D. Mann, A283-016
GRAFTON CORRECTIONAL INSTITUTION
2500 South Avon Beldon Road
Grafton, OH 44044
PRO SE

John T. Bragg, A215-337
GRAFTON CORRECTIONAL INSTITUTION
2500 South Avon Beldon Road
Grafton, OH 44044
PRO SE

4

Eric Pastrano, A655-761
GRAFTON CORRECTIONAL INSTITUTION
2500 South Avon Beldon Road
Grafton, OH 44044
PRO SE

                                              s/ Mindy Worly
                                              MINDY WORLY (0037395)
                                              Principal Assistant Attorney General