# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**JEFFREY D. MANN,** *et al.,*

      **Plaintiffs,**

**vs.**
                                       **Case No.: 2:18-cv-1565**
                                       **JUDGE GEORGE C. SMITH**
                                       **Magistrate Judge Deavers**

**OHIO DEPARTMENT OF**
**REHABILITATIONAND CORRECTIONS,** *et al.,*

      **Defendants.**


## ORDER

On June 26, 2019, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the Interested Party, the State of Ohio's Motion to Dismiss and Defendants' Motion to Dismiss be granted in part and denied in part. It was also recommended that Plaintiffs' Motion to Appoint Class Counsel and Plaintiffs' Motion to Certify Claims as a Class Action be denied without prejudice. (*See Report and Recommendation*, Doc. 45). The parties were advised of their right to object to the *Report and Recommendation and Order.* This matter is now before the Court on Defendants' Objections to the *Report and Recommendation.* (*See* Doc. 50). Plaintiffs have responded. (Doc. 51). The Court will consider the matter *de novo. See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Defendants object to the Magistrate Judge's conclusions regarding *respondeat superior* and the medical indifference claims. Specifically, they argue that the recommendation to deny Defendants Eddy and GCIHCA's Motion to Dismiss on the grounds of *respondeat superior* should be overruled.

Defendants are correct that "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Defendants argue that the Magistrate Judge's reliance on *Love v. Franklin Cnty. Kentucky*, No. 3:18-cv-00023, 2019 WL 1387692, at *6 (E.D. Ky. March 27, 2019), is misplaced because the *Love* case involved a pregnant woman in labor, about to give birth, and the defendant failed to intervene. The Court agrees with Defendants. This is not the same situation as *Love* and Plaintiffs here have not alleged that Defendants Eddy and GCIHCA have committed any actual acts against them, nor is it alleged that they implicitly authorized, approved, or knowingly acquiesced in providing medical care, or the lack thereof. By Plaintiffs' own words, they alleged merely general "supervision and oversight" by Defendant Hannah. Further, the language cited by the Magistrate Judge shows that Plaintiff Bragg's Hep-C is being monitored, with lab work done as ordered by his treating physician. (Doc. 45 at 10). There have been no allegations by Plaintiffs, like those in *Love*, that Plaintiffs were suffering from any urgent medical condition that was ignored or not being treated. Plaintiffs here were under ongoing care.

Accordingly, the Court sustains Defendants' objection and grants Defendants Eddy and GCIHCA's Motion to Dismiss on the theory of *respondeat superior*.

With respect to the medical deliberate indifference claim against Defendant Dr. Janice Douglas, Defendants again assert the Magistrate Judge erred in recommending that the Motion to Dismiss this claim be denied. Defendants argue that Plaintiffs are receiving treatment for their

Hep-C, but they desire more aggressive treatment.

The parties do not dispute that Hepatitis C is a serious medical condition, satisfying the objective component of this claim. However, there is a dispute as to the subjective component. The Court is concerned that Plaintiffs' Complaint lacks the allegations that their Hepatitis C is not being treated. Generally, in the individual Plaintiffs' cases, they are being monitored and treated. In *Watson v. Mohr*, Civil Action 2:17-cv-457, 2017 U.S. LEXIS 205479 (S.D. Ohio 2017), the district court declined to second guess the judgment of the prison's medical providers, finding that the defendants had not ignored plaintiff's Hep-C or rendered "medical treatment . . . so woefully inadequate as to amount to no treatment at all." *Id.* (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). Rather, the Sixth Circuit considers the subjective component to be satisfied where defendants recklessly disregard a substantial risk to a plaintiff's health. *Parsons v. Caruso*, 491 F. App'x 597, 603 (6th Cir. 2012). Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

The Court again disagrees with the Magistrate Judge and finds that Plaintiffs' Complaint fails to plead the subjective component of a medical deliberate indifference claim. Plaintiffs' merely disagree with the course of treatment, but have failed to allege that Defendants have ignored their condition. Accordingly, Defendants' objection is sustained and their Motion to Dismiss this claim is granted.

Therefore, for the reasons set forth above, Defendants' Objections are hereby **SUSTAINED**. The remaining issues addressed in the *Report and Recommendation,* and not the

subject of Defendants' Objections are hereby **ADOPTED** and **AFFIRMED.** Interested Party,

the State of Ohio, and Defendants' Motions to Dismiss is hereby **GRANTED**.

Plaintiffs' Motion to Appoint Class Counsel (Doc. 4) and Plaintiffs' Motion to Certify

Claims as a Class Action (Doc. 5) are **DENIED WITHOUT PREJUDICE**.

The Clerk shall remove Documents 4, 5, 15, and 20 from the Court's pending motions

list. Judgment shall be entered in favor of the moving Defendants, the State of Ohio, Ohio

Department of Rehabilitation and Correction, Andrew Eddy, David Hannah, and Janice Douglas.

**IT IS SO ORDERED**.

*/s/ George C. Smith*

**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**