IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY D. MANN, *et al.*,

    Plaintiffs,

                                                Civil Action 2:18-cv-01565
                                                Judge George C. Smith
       v.                                  Chief Magistrate Judge Elizabeth P. Deavers

OHIO DEPARTMENT OF
REHABILITATION AND CORRECTIONS, *et al.*,

    Defendants.

# REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Annette Chambers-Smith's Motion to Dismiss (ECF No. 35), Plaintiffs' Response in Opposition (ECF No. 28), and Defendant Annette Chambers-Smith's Reply (ECF No. 47). This matter is also before the Court on Defendant Mona Parks' Motion to Dismiss (ECF No. 43), which is essentially identical to Defendant Annette Chambers-Smith's Motion to Dismiss, Plaintiffs' Response in Opposition and Motion to Strike Defendant Mona Parks' Motion to Dismiss (ECF No. 46), and Defendant Mona Parks' Reply (ECF No. 49). For the following reasons, it is **RECOMMENDED** that Defendant Annette Chambers-smith's Motion to Dismiss (ECF No. 35) be **GRANTED**, Defendant Mona Parks' Motion to Dismiss (ECF No. 43) be **GRANTED**, and Plaintiffs' Motion to Strike (ECF No. 46) be **DENIED**.

Plaintiffs are inmates at Grafton Correctional Institution. Plaintiffs initiated this action by filing Motions for Leave to Proceed *in forma pauperis* on December 4, 2018. (ECF Nos. 1–

3.)  Also on December 4, 2018, Plaintiffs filed a Motion to Appoint Class Counsel (ECF No. 4) and a Motion to Certify Claims as a Class Action (ECF No. 5).  On December 11, 2019, the Court granted Plaintiffs' Motions for Leave to Proceed *in forma pauperis* and filed their Complaint.  (ECF No. 7.)  Plaintiffs bring civil rights claims under 42 U.S.C. § 1983, asserting a violation of their Eighth Amendment rights based on deliberate indifference to serious medical needs relating to Hepatitis C.  Plaintiffs allege the following regarding Hepatitis C and cite to exhibits attached to their Complaint:

> Hepatitis C is a viral [infection] that affects the liver in humans, causing cirrhosis, fibrosis, fatty liver, liver cancer and other dysfunctions of the liver; (Exhibit B, C & D)
>
> Hepatitis C Virus (HCV) is the tenth leading cause of death in the United States with 10% of all deaths in the U.S. being linked to it; (Exhibit J, CDC Report)
>
> Twenty thousand (20,000) people died of HCV in 2015, but the number could, in fact, be five times higher; (Exhibit E, CDC Report)
>
> The [prevalence] of chronic HCV infections among prisoners in the U.S. is between 12 and 35 percent (12-35%), compared to about 1.3% in the general population, and the prevalence of end stage liver disease caused by HCV is estimated to be three times higher in prisoners than in those in the general population; (Worman, Howard J. "Diagnosis and Treatment of Chronic Hepatitis C in [I]ncarcerated Patients", The AMA Journal of Ethics. Feb. 2008)
>
> HCV causes, inter alia, cirrhosis, which leads to fibrosis and interferes with liver function, (Exhibit A), fibrosis, which obliterates the architecture and function of the underlying organ or tissue, (Exhibit B), fatty liver, caused by the disruption of fat metabolism caused by HCV and depositing excessive amounts of fat on the liver, interfering with liver function and leading to liver cancer, caused by fatty liver and genotype 3 HCV, and hepatocyte ballooning, which is necrosis (or dying off) of liver tissue as an inflammatory response to fatty liver and the effects of untreated HCV; (Exhibit [C & D])
>
> In general, treatment of HCV will reverse the process of fatty liver if implemented at an early stage; (Exhibit C)
>
> Treatment for HCV infection is indicated if the virus is present for six months; (Exhibits E and F)

> Ninety percent (90%) of HCV infections can be cured with 8-12 weeks of therapy, (Exhibits E and F) and treatment is recommended at the earliest possible stage for maximum efficacy, (Exhibits G and I); and the only treatment is medications, (id);
>
> The indicators for severity of infection are reflected as the "APRI" [ACT Serum to Platelet Ratio Index] which measures the viral load, in combination with determining the extent of [fibrosis], if any; (Exhibit H)
>
> The use of a biopsy for assessment of the existence and extent of fibrosis has been established to be inaccurate, and is disfavored in favor of vibration-controlled transient liver elastography which measures the stiffness of the liver and any resultant cirrhosis or fibrosis;
>
> Treatment is recommended for all patients with chronic HCV infection; (Exhibit I); (cf. Exhibit K)
>
> . . .
>
> The current prison population in Ohio is approximately 53,000 prisoners;
>
> The low end estimate of 12% of prisoners with HCV calculated for Ohio's prison population equals six thousand, three hundred-sixty (6,360) prisoners with HCV, while the higher end estimate of 35% yields a figure of eighteen thousand, five hundred-fifty (18,550) prisoners with HCV in Ohio prisons;
>
> The defendants herein are aware of the prevalence and seriousness of HCV infections among the prisoners in their collective charge, as shown not only by the fact that the defendants distribute informational pamphlets to prisoners freely at the medical departments, (see, e.g. Exhibits N, O, P and Q; provided in an open display for taking at the [Grafton Correctional Institution] medical department on October 20, 2018) but also by the promulgation of policies and protocols addressing testing, diagnosis and treatment for HCV in prisoners; (see, e.g. Exhibits L and M)[.]

(ECF No. 6, at pg. 4–6.) Plaintiffs indicate that they all have been diagnosed with HCV infections. (*Id.* at pg. 8.) Specifically, Plaintiffs allege that Plaintiff Mann was told he would not be eligible for treatment until his APRI level reached 1.5, "even though it was acknowledged that an APRI of over 1.5 indicated the later stages of the [disease], with irreversible damage to the liver and its functions . . . with the stated reason for the delay being the costs[.]" (*Id.* at pg. 6.) Plaintiffs allege that Plaintiff Bragg was also denied treatment based on his APRI level. (*Id.* at pg. 7.) Finally, Plaintiffs allege that Plaintiff Pastrano has been continually denied treatment and

3

is also denied periodic blood testing, which Plaintiffs allege is required by Ohio policies and protocols. (*Id.* at pg. 8.)

Two previous motions to dismiss were filed in the instant case. On February 20, 2019, Interested Party, State of Ohio filed its motion on behalf of Defendants Ohio Department of Rehabilitation and Correction, Andrew Eddy, Mona Parks, Gary Mohr, David Hannah, and Janice Douglas. (ECF No. 15.) Defendant Gary Mohr was later terminated, and Defendant Annette Chambers-Smith added in his place. (ECF No. 24.) On March 6, 2019, Defendants Ohio Department of Rehabilitation and Correction ("ODRC"), Andrew Eddy, David Hannah, and Janice Douglas filed a Motion to Dismiss. (ECF No. 20.) Defendant David Hannah was later terminated. (ECF No. 24.) At the time of his termination, his successor in the role of Health Care Administrator at Grafton Correctional Institution had not been named or appointed, according to Plaintiffs. (*Id.*) When Defendant David Hannah was terminated, Defendant "Grafton Corr. Inst. Health Care Administrator" was added. (*Id.*)

On June 26, 2019, the Undersigned issued a Report and Recommendation recommending that the two Motions to Dismiss be granted in part and denied in part. (ECF No. 45.) The Undersigned specifically recommended that the two Motions to Dismiss be granted with respect to Defendant ODRC but denied on all other grounds. (*Id.*) Defendants filed an Objection to the Report and Recommendation on July 7, 2019. (ECF No. 50.) Plaintiffs filed a Response on July 17, 2019. (ECF No. 51.) On July 24, 2019, the presiding United States District Judge issued an Order sustaining Defendants' objections and adopting and affirming the remaining issues address in the Report and Recommendation that were not the subject of Defendants' Objections. (ECF No. 52.) This Order had the effect of granting the two Motions to Dismiss. (*Id.*) On August 9,

2019, Plaintiffs filed a Motion for Relief from Judgment based on the July 24, 2019 Order which is currently pending before the Court. (ECF No. 54.)

Here, Defendants Chambers-Smith and Parks request that the Court grant their Motions to Dismiss "because ODRC has established guidelines for the management of inmates infected with Hep-C pursuant to which the immediate treatment with [Direct Acting Anti-Viral medications ("DAAs")] that Plaintiffs demand is not considered warranted[.]" (ECF Nos. 35 at pg. 9 & 43 at pg. 9.) The District Judge addressed the same issue in his Order:

> With respect to the medical deliberate indifference claim . . . Defendants again assert the Magistrate Judge erred in recommending that the Motion to Dismiss this claim be denied. Defendants argue that Plaintiffs are receiving treatment for their Hep-C, but they desire more aggressive treatment.
>
> The parties do not dispute that Hepatitis C is a serious medical condition, satisfying the objective component of this claim. However, there is a dispute as to the subjective component. The Court is concerned that Plaintiffs' Complaint lacks the allegations that their Hepatitis C is not being treated. Generally, in the individual Plaintiffs' cases, they are being monitored and treated. In *Watson v. Mohr*, Civil Action 2:17-cv-457, 2017 U.S. LEXIS 205479 (S.D. Ohio 2017), the district court declined to second guess the judgment of the prison's medical providers, finding that the defendants had not ignored plaintiff's Hep-C or rendered "medical treatment . . . so woefully inadequate as to amount to no treatment at all." *Id.* (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). Rather, the Sixth Circuit considers the subjective component to be satisfied where defendants recklessly disregard a substantial risk to a plaintiff's health. *Parsons v. Caruso*, 491 F. App'x 597, 603 (6th Cir. 2012). Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).
>
> The Court again disagrees with the Magistrate Judge and finds that Plaintiffs' Complaint fails to plead the subjective component of a medical deliberate indifference claim. Plaintiffs' merely disagree with the course of treatment, but have failed to allege that Defendants have ignored their condition. Accordingly, Defendants' objection is sustained and their Motion to Dismiss this claim is granted.

(ECF No. 52, at pg. 2–3.) Accordingly, because the Court has spoken directly to the only issue raised in Defendants Chambers-Smith and Parks' Motions to Dismiss, and found that Plaintiffs

5

have failed to state a claim for medical deliberate indifference, the Undersigned **RECOMMENDS** that the two pending Motions to Dismiss be **GRANTED**.

As to Plaintiffs' Motion to Strike, Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Notably, "[t]he striking of a portion of a pleading is a drastic remedy which is seldom granted absent a showing of real prejudice to the moving party." *Hughes v. Lavender*, No. 2:10-CV-674, 2011 WL 2945843, at *2 (S.D. Ohio July 20, 2011) (citing *Armstrong v. Snyder*, 103 F.R.D. 96, 100 (E.D. Wis. 1984)). Plaintiffs assert that Defendant Parks' Motion "is simply another desperate attempt to get yet another bite at the apple to avoid judicial review in this case[.]" (ECF No. 46, at PAGEID # 657.) Defendant Parks, however, took no part in the previous Motions to Dismiss, in part because of issues with Plaintiffs effecting service upon her. (*See* ECF Nos. 23, 27, & 29.) Accordingly, this motion represents Defendant Parks' "first bite at the apple," even though it was the fourth motion to dismiss filed by various defendants in the case. Plaintiffs fail to demonstrate why the drastic remedy of striking Defendant Parks' Motion to Dismiss is warranted. Accordingly, the Undersigned **RECOMMENDS** that Plaintiffs' Motion to Strike (ECF No. 46) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: August 26, 2019**          */s/ Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **CHIEF UNITED STATES MAGISTRATE JUDGE**