# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JEFFREY D. MANN,** *et al.,*

      **Plaintiffs,**

vs.

**OHIO DEPARTMENT OF
REHABILITATIONAND CORRECTIONS,** *et al.*,

      **Defendants.**

Case No.: 2:18-cv-1565
JUDGE GEORGE C. SMITH
Magistrate Judge Deavers

## ORDER

On August 26, 2019, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Defendant Annette Chambers-Smith and Mona Parks' Motions to Dismiss be granted and that Plaintiff's Motion to Strike be denied. (*See Report and Recommendation*, Doc. 56). The parties were advised of their right to object to the *Report and Recommendation and Order.* This matter is now before the Court on Plaintiffs' Objections to the *Report and Recommendation.* (*See* Doc. 57). The Court notes that Plaintiff's Objections were untimely as they were due by September 9, 2019, but not received until September 17, 2019. Nonetheless, the Court will consider the objections. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Also pending before the Court is Plaintiffs' Motion for Relief from Judgment (Doc. 54) and Defendants' Response in Opposition (Doc. 55).

**A.**  **Plaintiffs' Objections to the August 26, 2019** *Report and Recommendation*

Plaintiffs object to the Magistrate Judge's *Report and Recommendation* asserting that failed to conduct an independent analysis of the claims at issue. Plaintiffs disagree with the

Magistrate Judge's reliance on this Court's July 24, 2019 Order regarding Plaintiffs' deliberate indifference claim. Specifically, Plaintiffs take issue with the Court's holding that they have failed to allege that Defendants have ignored the condition. Plaintiffs, however, have alleged that they disagree with Defendants' established guidelines for management of inmates suffering from Hep-C. These guidelines establish the course of treatment for Plaintiffs and it is that course of treatment that Plaintiffs disagree with. Plaintiffs' Hep-C conditions are being monitored and therefore under ongoing care. They are not being ignored. Defendants are not obligated to provide the more aggressive treatment that Plaintiffs have requested.

Therefore, for the reasons set forth above, Plaintiffs' Objections are hereby **OVERRULED**. The Magistrate Judge's *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED.** Defendants Annette Chambers-Smith and Mona Parks' Motions to Dismiss (Docs. 35 and 43) are hereby **GRANTED**. Plaintiffs' Motion to Strike (Doc. 46) is hereby **DENIED**.

B.    **Plaintiffs' Motion for Relief from Judgment**

Plaintiffs have moved for relief from judgment issued by this Court on July 25, 2019 (Doc. 54). Plaintiffs bring this Motion pursuant to Rules 60(b)(1) and (6) of the Federal Rules of Civil Procedure asserting that the Court was mistaken in its analysis of Plaintiffs' *respondeat superior* and medical deliberate indifference claims. "Relief under rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Higgs v. Transportation Specialist Sanford, et al.*, No. 5:07-cv-P77-R, 2009 U.S. Dist. LEXIS 51726, *5 (W.D. KY. 2009).

Plaintiffs' Motion for Relief from Judgment does not meet any of the stringent requirements for reversal under either Rule 60(b)(1) or (6) of the Federal Rules of Civil

Procedure. Plaintiffs are merely trying to reargue their previous claims that were dismissed. However, this is not the proper forum. A motion for relief from judgment is to be used to correct errors of law, or fact, or to present newly discovered evidence. Accordingly, Plaintiffs' Motion for Relief from Judgment is **DENIED**.

Additionally, the Court finds that the July 24, 2019 Order applied to Defendant Grafton Correctional Institution Health Care Administrator as the Magistrate Judge correctly set forth in the June 26, 2019 Report and Recommendation that Defendant David Hannah was terminated and no successor in the role of Health Care Administrator at Grafton Correctional Institution had been named. Therefore, when David Hannah was terminated, Grafton Correctional Institution Health Care Administrator was added. Defendants' Motion to Dismiss was deemed to also include Grafton Correctional Institution and judgment should be entered in their favor pursuant to the July 24, 2019 Order. Finally, Plaintiffs have generally named various unknown doctors, nurses and other health care providers responsible to provide health care for Ohio prisoners, as well as various unknown state officers responsible for promulgation of ODRC medical policies. Plaintiffs have failed to specifically name these individuals nor obtain proper service. Therefore, Plaintiffs' claims against these unnamed individuals are hereby dismissed.

The Clerk shall remove Documents 35, 43, 46, 54, and 56 from the Court's pending motions list. Final judgment shall be entered in favor of the remaining Defendants and this matter shall be closed.

**IT IS SO ORDERED**.

*/s/ George C. Smith*  
**GEORGE C. SMITH, JUDGE**  
**UNITED STATES DISTRICT COURT**